No. 555
CAPARRA v. STATE OF OHIO
Ohio Appeals. 7th District. Jefferson County.
No.          Decided May 24, 1924.
684. JURORS.—If juror has formed opinion he may serve if willing to give a fair trial.
EVIDENCE.—Evidence of sheriff as to trip to arrest accused held inadmissible.
2. Admissions of accused held proper where there is no evidence of being induced through threats or promises.
425. CHARGE TO JURY.—No error for court to refuse to charge a right of election by the jury to find accused guilty of a lesser crime, where there is no evidence to support such a finding.
POLLOCK, J.

Caparra was charged with murdering one Snider, a policeman of the Village of Mingo. The indictment was based upon G. C. 12402-1, which made it murder in the first degree to purposely and unlawfully kill a policeman in the performance of his official duty. The evidence disclosed that Caparra was stopped by two policemen, one of whom was Snider, while passing along the streets of the Village of Mingo. Caparra had a valise with him at the time and Snider told him to open it. He did this, saying that he had some wine. There were small bottles in the valise containing intoxicating liquor. The officers started to take Caparra to the Police Station and on the way there Caparra mortally wounded Snider and also shot at the other policeman, but missed him. Caparra was apprehended a year later in Buffalo.

At the beginning of the trial one King was called as a jurror to be examined on his voir dire. He was challenged for cause upon the ground that he had already formed an opinion of guilt of the accused. He was then asked by the Court whether he could set aside that opinion and render a fair and impartial verdict, to which he answered that he could. Thereupon the Court overruled the challenge for cause. During the trial the Court admitted evidence of the deputy sheriff in regard to his trip to Buffalo in search of the accused. The defense also objected to admission of conversations bewteen Italian policeman and the accused which were overheard by another policeman. This objection was overruled. Before argument the accused requested a charge by the Court on second degree murder and manslaughter, which the Court refused. As the jury returned a verdict of guilty, the accused prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Even though a juror may have formed an opinion, yet if he says that he believes he can render an impartial verdict, the Court is justified in leaving him serve.

2. While the testimony of the deputy sheriff in regard to his trip to Buffalo was incompetent, no prejudicial error was committed thereby.

3. As there was no evidence that the admissions of the accused were induced by threats or promises, it cannot be said that their admission was prejudicial.

4. Where there is no evidence tending to support a charge of murder in the second degree or manslaughter as distinguished from murder in the first degree, it is not error for the Court to charge either murder in the second degree, or manslaughter.

Attorneys.—Not given.